**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| **IVORY BOLDEN COOPER** § | | |
| *Plaintiff*, § | | |
| § | | |
| VS. § | Civil Action No. 3:24-cv-176 | |
| § | | |
| **GENESIS JANITORIAL SERVICES,** § | | |
| **INC. and BEST BUY STORES, L.P.** § | JURY DEMANDED | |
| *Defendants*, § | | |

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, IVORY BOLDEN COOPER, files this Second Amended Complaint against Defendant, GENESIS JANITORIAL SERVICES, INC. ("Defendant GENESIS") and Defendant BEST BUY STORES, L.P. ("Defendant BEST BUY"), (collectively "Defendants") and alleges as follows:

### A. DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 1 of Texas Rule of Civil Procedure 190.2 and affirmatively pleads that this suit is governed by the expedited-actions process in Texas Rule of Civil Procedure 169.

### B. RELIEF

2. Plaintiff seeks only monetary relief of $70,000 or less, including damages of any kind, penalties, court costs, expenses, prejudgment interest, and attorney fees.

### C. PARTIES

3. Plaintiff, IVORY BOLDEN COOPER, is an individual residing in Fort Bend County at 16702 Snowflake Ct Houston, TX 77053. The last three digits of Plaintiff's driver's license

are 329. The last three digits of Plaintiff's Social Security number are 907.

4. Defendant, GENESIS JANITORIAL SERVICES, INC., is a domestic for-profit corporation doing business in Brazoria County, Texas. Defendant GENESIS has been served and has previously appeared before the court. Therefore, service is not requested at this time.

5. Defendant, BEST BUY STORES, L.P., is a foreign limited partnership doing business in Brazoria County, Texas. Defendant BEST BUY has been served and has previously appeared before the court. Therefore, service is not requested at this time.

### D. MISNOMER/ALTER EGO

6. In the event any parties are misname or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

### E. JURISDICTION AND VENUE

7. The Brazoria County District Court has subject-matter jurisdiction over the lawsuit because this case is a civil matter wherein the amount in controversy exceeds this Court's minimum jurisdictional requirements.

8. Venue is proper in Brazoria County under Texas Civil Practice & Remedies Code section 15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in Brazoria County.

### F. FACTS

9. On or about December 3, 2022, Plaintiff entered the restroom of Best Buy #948 - Pearland located at 2632 Smith Ranch Rd, Pearland, TX 77584 (herein after referred to as

"Defendants' premises"). There were no caution or warning signs were anywhere in the area. He proceeded to walk to the urinal when he suddenly slipped and fell causing serious injuries to Plaintiff as described herein.

10. Upon information and belief, Defendant BEST BUY, was the owner of the store where the incident made the basis of this lawsuit occurred. Further, Defendant BEST BUY employs Defendant GENESIS to clean Defendants' premises, therefore, Defendant GENESIS was a possessor of Defendants' premises at the time of the injury.

11. The acts and omissions of Defendants were the direct and proximate cause of Plaintiff's injuries and damages, as more fully described herein.

### G. COUNT 1 – PREMISES LIABILITY

12. Plaintiff was an invitee. Plaintiff entered Defendants' premises with Defendants' knowledge and for their mutual benefit. Plaintiff was a customer shopping at Defendant BEST BUY's store. Plaintiff was a business patron.

13. Defendant BEST BUY was the owner of Defendants' premises at the time Plaintiff was injured.

14. Defendant GENESIS was in possession of Defendants' premises at the time Plaintiff was injured because it exercised control over the restroom.

15. A condition on Defendants' premises posed an unreasonable risk of harm.

16. Defendants knew or reasonably should have known of the dangerous condition of the premises because of the following reasons: Defendant BEST BUY employs Defendant GENESIS, and Defendant GENESIS created the dangerous condition, Defendant GENESIS knew of the dangerous condition and negligently failed to remove it, or the dangerous condition existed so long that, in the exercise of ordinary care, it should have

been discovered and removed.

17. Defendants had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff. This duty includes the duty to: 1) inspect, and 2) the duty to warn or to cure. Defendants breached the duty of ordinary care by failing to warn or to cure the dangerous condition on the restroom floor which caused Plaintiff's injuries.

## H. DAMAGES

18. Defendants' breach of duty proximately caused injury to Plaintiff, which resulted in the following damages:

    a. Plaintiff has incurred reasonable and necessary medical expenses and in all reasonable probability such medical expenses will continue in the future;

    b. Plaintiff has experienced physical pain and suffering in the past as a result of his injuries, and in all reasonable probability, will continue to sustain physical pain and suffering in the future as a result of his injuries;

    c. c. Plaintiff has experienced mental anguish in the past as a result of his physical injuries and, in all reasonable probability, will sustain mental anguish in the future as a result of his physical injuries;

    d. Plaintiff has experienced disfigurement in the past as a result of this incident and, in all reasonable probability, will continue to experience disfigurement in the future;

    e. Plaintiff has experienced physical impairment or physical incapacity in the past as a result of this incident and, in all reasonable probability, will continue to experience physical impairment in the future; and

    f. Plaintiff has experienced lost wages in the past as a result of this incident and, in

all reasonable probability, will suffer loss of earning capacity in the future.

19. Plaintiff seeks damages within the jurisdictional limits of the Court.

## I.  OBJECTION TO ASSOCIATE JUDGE

20. Plaintiff objects to the referral of this case to an associate judge for hearing a trial on the merits or presiding at a jury trial.

## J.  TRCP 194 INITIAL DISCLOSURES

21. Pursuant to Texas Rule of Civil Procedure 194(a), each Defendant is required to disclose, within thirty (30) days of the filing of the first answer, the information or material described in Rule 194.2(b)1-12. Any Defendant that is served or otherwise joined after the filing of the first answer must make their initial disclosures within thirty (30) days after being served or joined.

## K.  TRCP 193.7 SELF AUTHENTICATION NOTICE

22. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendants are hereby put on actual notice that nay documents produced in response to written discovery will be used in pretrial proceedings and at trial and will be deemed authentic unless valid objections are made as to authenticity pursuant to this rule.

## L.  PRAYER

23. For these reasons, Plaintiff asks that the Court issue citation for Defendants to appear and answer, and that Plaintiff be awarded a judgment against Defendants for the following:

   a. Actual Damages;

   b. Prejudgment and postjudgment interest;

   c. Court costs; and

   d. All other relief to which Plaintiff is entitled.

Respectfully submitted,
Premier Legal Group

s/ Natalie Sanchez
Gilbert Mindiola
TX Bar No:    24106314
Natalie A. Sanchez
TX Bar No:    24130247
4101 Washington Ave
Houston, Texas 77007
TEL: (713) 822-4190
FAX: (713) 999-2044
E-SERVICE:  office@PremierLG.com

Attorneys For Plaintiff,
IVORY BOLDEN COOPER