Case 3:24-cv-00176   Document 24   Filed on 10/08/24 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
October 08, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| IVORY BOLDEN COOPER, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:24-cv-00176 |
| | § | |
| GENESIS JANITORIAL SERVICES, INC., *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

This is a premises liability lawsuit originally filed by Plaintiff Ivory Bolden Cooper ("Cooper") against Defendants Genesis Janitorial Services, Inc. ("Genesis") and Best Buy Stores, LP ("Best Buy") in the 149th Judicial District Court, Brazoria County, Texas. Currently before me is Cooper's Motion to Remand. Dkt. 12. Cooper argues that this case should be remanded for two reasons: (1) this court lacks subject matter jurisdiction; and (2) the removal was procedurally improper. I will address these arguments one by one.

**A.   THE AMOUNT IN CONTROVERSY EXCEEDED $75,000 AT THE TIME OF REMOVAL.**

On June 18, 2024, Best Buy removed this lawsuit to federal court based on diversity of citizenship. For diversity jurisdiction to exist, the plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). There is no question that the parties are completely diverse.[1] The parties dispute whether the amount in controversy is greater than $75,000.

---

[1] Cooper is a Texas citizen. Best Buy is a limited partnership. The citizenship of a limited partnership is determined by the citizenship of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Best Buy has two partners, "both of which [are corporations that] have their principal place of business in . . . Minnesota." Dkt. 1 at 3. One partner is incorporated in Minnesota, and the other is incorporated in

In his First Amended Petition, the live pleading at the time of removal, Cooper indicated that he sought "only monetary relief of $250,000 or less, including damages of any kind, penalties, court costs, expenses, prejudgment interest, and attorney fees." Dkt. 1-2 at 11. Best Buy contends that this statement represents a judicial admission by Cooper that he is seeking damages in excess of $75,000. I disagree. The Texas Rules of Civil Procedure require that a lawsuit filed in Texas state court contain a statement that the plaintiff seeks damages within one of three predefined ranges. *See* TEX. R. CIV. P. 47(c). The three ranges are: (1) $250,000 or less; (2) over $250,000 but not more than $1 million; or (3) over $1 million. *See id.* Cooper's statement in his state court petition that he is seeking $250,000 or less simply "follows Texas mandate of stating a range of damages and does not clearly establish the amount in controversy." *Blazejewski v. Allstate Fire & Cas. Ins. Co.*, No. SA-21-cv-00700, 2021 WL 4173429, at *4 (W.D. Tex. Sept. 14, 2021). Put another way: "In isolation, seeking monetary relief of $250,000 or less in accordance with [Texas Rule of Civil Procedure 47] does not make it facially apparent that the federal jurisdictional amount in controversy is satisfied. Instead, such requested relief is an amount plausibly below the $75,000 threshold." *Plummer v. Witty Yeti, LLC*, No. SA-21-cv-0966, 2021 WL 5771875, at *3 (W.D. Tex. Dec. 6, 2021) (quotation omitted); *see also Power Mgmt. Controls, Inc. v. 5Nickles, Inc.*, No. 3:20-cv-00154, 2020 WL 4678055, at *6 (S.D. Tex. June 25, 2020) (Plaintiff's "statement in the Original Petition that it is seeking less than [$250,000] provides no guidance or assistance to determine whether the amount in controversy in the Original Petition exceeds $75,000.").

---

Nevada. *See id.* Accordingly, Best Buy is considered a citizen of Minnesota and Nevada. *See* 28 U.S.C. § 1332(c)(1) (corporations are citizens of their states of incorporation and the states where they have their principal place of business). Genesis is considered a citizen of Missouri because it is a Missouri corporation with its principal place of business in Missouri. *See* Dkt. 1 at 3.

When, as here, a plaintiff has not specifically identified the amount in controversy in the state court petition, the removing defendant bears the burden of establishing, "by a preponderance of the evidence[,] that the amount in controversy exceeds $75,000." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount." *Id.* (quotation omitted). On the face of Cooper's state court petition, it is not apparent that the amount in controversy exceeds $75,000. Although Cooper seeks monetary relief arising out of a slip-and-fall accident for past and future medical expenses, physical pain and suffering, mental anguish, disfigurement, physical impairment and incapacity, and lost wages, I am unable to discern from the state court petition whether those damages, in total, exceed $75,000. I must, therefore, determine whether summary judgment type evidence supports a finding that the amount in controversy exceeds $75,000. *See Allstate Fire & Cas. Ins. Co. v. Love*, 71 F.4th 348, 351–52 (5th Cir. 2023) ("If the amount in controversy is not apparent, [courts] may rely on 'summary judgment' type evidence.").

In an effort to demonstrate the amount in controversy, Best Buy submits a demand letter Cooper sent on August 30, 2023—roughly six months before this lawsuit was filed. It has long been the law in the Fifth Circuit that a district court may consider a pre-suit demand letter in determining the value of a plaintiff's claims at the time of removal. *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir. 1998). "Indeed, a pre-removal settlement demand letter is valuable evidence to indicate the amount in controversy at the time of removal." *Parent v. Allstate Fire & Cas. Co.*, No. 4:22-cv-02756, 2022 WL 17250176, at *3 (S.D. Tex. Nov. 28, 2022) (quotation omitted). Here, Cooper's demand letter identifies $34,216.36 in past medical expenses incurred and $52,300 to $64,500 in future medical expenses. *See* Dkt. 1-2 at 36–37. Combining the past and future

medical expenses, the amount in controversy is, according to Cooper's own demand letter, somewhere between a $86,516.36 and $98,716.36. Even the lowest amount exceeds the $75,000 jurisdictional threshold. Added to those sums is an unspecified amount of non-economic damages that Cooper seeks to recover. *See id.* at 7 (seeking unspecified monetary damages for physical pain and suffering, past and future mental anguish, disfigurement, and physical impairment). The demand letter describes in great detail the impact the slip-and-fall incident at issue has allegedly had on Cooper's life: He "suffer[s] from intolerable pain along with difficulty with activities of daily living. He has difficulty sleeping, sitting, standing, and walking." Dkt. 1-2 at 37. In a nutshell, the $75,000 jurisdictional threshold has been easily satisfied in this case.

Once this lawsuit landed in federal court, Cooper filed a Second Amended Complaint, reducing the monetary relief he requests to an amount under $75,000. *See* Dkt. 14 at 1 ("Plaintiff seeks only monetary relief of $70,000 or less, including damages of any kind, penalties, court costs, expenses, prejudgment interest, and attorney fees."). Cooper apparently believes this amendment will deprive this court of jurisdiction and require remand back to the state district court. Cooper is wrong. It is well-settled that the amount in controversy in a diversity case is determined by the pleadings at the time of removal. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) ("The jurisdictional facts that support removal must be judged at the time of the removal."). A plaintiff's post-removal amendment to his complaint that reduces the amount in controversy below $75,000 does *not* deprive the court of jurisdiction. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938) ("[E]vents occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached."); *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1181 (5th Cir. 1987) (explaining that "amendment of pleadings to below [the] jurisdictional amount . . . will not divest the court of jurisdiction"). "Thus, so long as the pleadings demonstrated the

existence of diversity jurisdiction at the time of removal, this Court has and continues to have diversity jurisdiction regardless of the filing of the amended complaint to reduce the amount in controversy." *Rodriguez v. U.S. Bank, N.A.*, No. 5:12-cv-00345, 2012 WL 12881998, at *1 (W.D. Tex. July 9, 2012).

**B.    THE REMOVAL WAS PROCEDURALLY DEFECTIVE.**

Although this court has subject matter jurisdiction over this case, I must decide whether Best Buy's removal of this case was procedurally proper. Cooper argues that this case must be remanded to state court because Genesis failed to consent to removal.

It is black letter law that all "properly joined and served" defendants must consent to removal. 28 U.S.C. § 1446(b)(2)(A). To satisfy this requirement, the Fifth Circuit has held that there must be "some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to [removal]." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988). That consent to removal must be "official, affirmative and unambiguous" to be effective. *Smith v. Union Nat'l Life Ins. Co.*, 187 F. Supp. 2d 635, 647 (S.D. Miss. 2001); *see also Planto Furniture Mfg. Co. v. Hanover Ins. Co.*, No. SA-14-CA-677, 2014 WL 12496899, at *3 (W.D. Tex. Sept. 12, 2014); *Ruiz v. Border Transfer Servs., Inc.*, 215 F. Supp. 2d 861, 862 (S.D. Tex. 2002). Any consent to removal must be filed within 30 days of service of the state court petition. *See Powers v. United States*, 783 F.3d 570, 576 (5th Cir. 2015) (citing 28 U.S.C. § 1446(b)(2)(B)). If all properly joined and served defendants fail to consent within the 30-day time period, the removal is procedurally defective, and remand is required if the plaintiff objects. *See Getty Oil*, 841 F.2d at 1262–63.

At the time Best Buy removed this case to federal court, Genesis had been served. *See* Dkt. 1-2 at 2 (indicating that Genesis was served on May 31, 2024). Accordingly, Genesis's consent was required for the removal to be effective. Best Buy argues that Genesis consented to removal in two ways. First, Best Buy claims

that Genesis's original answer, filed on June 24, 2024, "consents to removal by stating that venue is proper in the Southern District of Texas Galveston Division." Dkt. 15 at 7 (citing Dkt. 4 at 2). Second, Best Buy maintains that Genesis's June 24, 2024 Diversity Jurisdiction Disclosure Statement equates to a consent to removal because Genesis acknowledged in that document that "the case was removed based on diversity jurisdiction." Dkt. 15 at 7 (citing Dkt. 5 at 1). I will address each argument in turn.

As to Best Buy's contention that Genesis's answer constitutes consent to removal, it is telling that Best Buy cites no legal authority on this point. That is because district courts across the country "have regularly rejected the argument that consent is evidenced by filing an answer." *Coffman v. Dole Fresh Fruit Co.*, 927 F. Supp. 2d 427, 433 (E.D. Tex. 2013) (collecting cases). As one court outside the Fifth Circuit aptly noted:

> Allowing a defendant's ambiguous actions, such as filing an answer which makes no reference to the removal of the case, to satisfy the clear requirements of the statute, or to be considered a factor in the exercise of equitable discretion, simply encourages defendants not to take those simple steps needed to make their intention clear, and to create the desired level of certainty about whether a case was properly removed.

*Loc. Union No. 172 Int'l Ass'n of Bridge, Structural Ornamental & Reinforcing Ironworkers v. P.J. Dick Inc.*, 253 F. Supp. 2d 1022, 1025 (S.D. Ohio 2003). I wholeheartedly endorse this reasoning. "[T]he mere filing of an answer does not constitute a sufficient expression of consent. The law is clear that the expression of consent must be unambiguous and the filing of an answer, without more, is ambiguous." *Prod. Stamping Corp. v. Md. Cas. Co.*, 829 F. Supp. 1074, 1077 (E.D. Wis. 1993); *see also Granderson v. Interstate Realty Mgmt. Co.*, No. 5:06-cv-100, 2006 WL 3422359, at *2 (S.D. Miss. Nov. 27, 2006) ("The mere filing of an answer is hardly a clear, unambiguous expression of consent." (cleaned up)).

Best Buy avers that Genesis's concession in the answer "that venue is proper in the Galveston Division of the Southern District of Texas" amounts to an

6

unambiguous written consent to removal. Dkt. 4 at 2. I am not persuaded. Here, the fact that Genesis agrees "that venue and jurisdiction is *proper* in this Court means only that all parties agree the case is removable." *Wilson v. ThyssenKrupp Elevator Corp.*, No. 2:20-cv-2138, 2020 WL 6042012, at *2 (S.D. Ohio Oct. 13, 2020). "[A]greeing that a case *may* be removed is not the same as *consenting* to such removal." *Id.* Truth be told, consenting to removal is not difficult. All a defendant must do is submit a one-sentence pleading stating that it is consenting to removal. That did not happen here, and I am unwilling to imply that Genesis intended to consent to removal when it failed to explicitly state as much. This recommendation is consistent with the principle that "the removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quotation omitted).

Next, Best Buy asserts that Genesis consented to removal in a Diversity Jurisdiction Disclosure Statement. In that document, which is required by the Federal Rules of Civil Procedure, Genesis states: "This action was removed based on diversity jurisdiction under 28 U.S.C. §1332(a)." Dkt. 5 at 1 (cleaned up). While it is undoubtedly true that Best Buy removed this case based on diversity jurisdiction, this single sentence does not indicate, one way or the other, whether Genesis *consented* to the removal. That is the critical issue. There must be some sort of indication from each defendant that it either joins in or consents to the removal. Otherwise, there is nothing in the record to bind a defendant to the removal. Simply asserting that the case has been removed to federal court is not the same thing as consenting to that removal. Long story short: Genesis's Diversity Jurisdiction Disclosure Statement is not an unambiguous expression of consent.

Because the record is devoid of any timely-filed, written indication of consent by Genesis, removal of this case this was procedurally improper. My hands are tied. This case must be remanded to state court. *See Getty Oil*, 841 F.2d at 1262–63.

## CONCLUSION

For the reasons explained above, I recommend that Plaintiff's Motion to Remand (Dkt. 12) be **GRANTED**.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED on this 8th day of October 2024.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE